MARGARET BRADLEY

v.

JOHN E. JOHNSON et ux.

The complainant, the holder of a second mortgage on lands, applied to the husband of the holder of the first mortgage (the husband being the owner of the equity of redemption) to purchase the first mortgage. The husband named a price, on condition that the complainant would also pay him $350 for his equity, which proposition was accepted. The husband had no authority whatever to negotiate for his wife in the matter. On bill for specific performance—*Held*, .

(1) That the wife, of course, could not be compelled to assign the first mortgage.

(2) That the agreement could not be enforced against the husband by substituting for performance, indemnity against his wife's interest in the premises as a mortgagee and dowress; there being no prayer for such relief in the bill.

---

Bill for specific performance. On final hearing on pleadings and proofs.

*Mr. R. P. Wortendyke*, for complainant.

*Mr. M. W. Niven*, for defendants.

THE CHANCELLOR.

This suit is brought to compel specific performance of an alleged agreement stated by the bill to have been made by Mr. Johnson, assuming to act for his wife as well as for himself therein, for the sale to the complainant and Mary Johnson of a house and two lots (one vacant) in Hoboken, and the first mortgage thereon. The complainant and Mary Johnson held a second mortgage upon that part of the property on which the house is; the defendant, Mrs. Johnson, the first mortgage on both lots, and Mr. Johnson, her husband, the equity of redemption of the whole property. The complainant and Mary John-

son set out to buy the first mortgage to protect their own, and applied, through their attorney, by letter, to the defendant, Mrs. Johnson, to learn on what terms she would sell her mortgage. The correspondence resulted in a letter from Mr. Johnson to the attorney offering to sell the mortgage for $2,800, provided the attorney's principals would buy the equity of redemption also at the price of $300. To this the attorney agreed, and the complainant and Mary Johnson were ready at the time and place fixed (the negotiations appear to have been all made by correspondence between Mr. Johnson and the attorney) to carry out the agreement on their part, but the defendants refused. The bill prays that the defendants may be decreed to perform that agreement, and there is also a prayer for relief generally. The defendants have answered together. They deny that Mr. Johnson had any authority to make the agreement for the sale of Mrs. Johnson's mortgage, or that she knew that he was about to make or had made it or any agreement on the subject, until she was informed thereof by him, and that she then never ratified it in any way. The proof establishes the defence. Mr. Johnson appears to have assumed to act for his wife without any warrant whatever, and without any knowledge on her part that he was doing so. He seems to have presumed (incorrectly as the sequel proved) that she would adopt his views in the business and act accordingly. The mortgage was her own, and he appears to have had no right, legal or equitable, to the control or disposition of it. Nor had he even any general agency for her in her business matters. The relief prayed must be denied and the bill dismissed, but, under the circumstances, the dismissal will be without costs.

The complainant's counsel urged, on the hearing, that if the court would not enforce the agreement as against the wife, it should do so as against the husband, and compel him to execute it, substituting indemnity for performance, so far as his wife's refusal to assign her mortgage on and to bar her dower in the property may render it necessary. There is no evidence of bad faith in the matter. Mr. Johnson appears not to have thought that by the correspondence he was entering into a binding agree-

Bradley *v.* Johnson.

ment. The complainant and Mary Johnson, for their own protection as holders of the second mortgage, sought to purchase Mrs. Johnson's mortgage, and nothing more, and asked her to name her price for it. Mr. Johnson named the price, and the complainant accepted the offer. Part of the price was the sum of $300, to go to him for the equity of redemption which he held. In one of his letters, written after his wife refused to sell her mortgage for the price he had fixed, he says to the complainant's attorney:

" As soon as my wife was advised of what had passed between us, she proceeded to Hoboken to examine into the matter, and, on consultation with friends there, she was disposed to hesitate about conveying her mortgage for less than her entire interest in it. As she has suffered several losses through me, I do not feel that I may insist upon her taking any other step in the matter. I should be willing to do my part, but that, of course, is not what your clients want."

The reply to this was a demand for the execution of the agreement by him and his wife, and a threat of proceedings in equity to compel them should they refuse. His offer to convey his interest, independently of that of his wife, appears not to have been accepted. The sale of the equity of redemption was made (and it seems to have been so understood by both sides) only in connection with the sale of the mortgage, and it was dependent on it. The complainant and Mary Johnson, as before stated, wanted to purchase the first mortgage alone, not the equity of redemption in the property, part of which was not covered by their mortgage. Mr. Johnson appears to have imposed, as a condition of selling the first mortgage to them, that they buy his interest, and when the sale of the mortgage fell through he considered the agreement for the sale of the equity of redemption of course at an end. But it is quite enough to say on this head that the bill prays no such relief, and justice, no less than correct practice, requires that if relief was to be sought against Mr. Johnson alone, substituting indemnity for performance, if necessary, the bill should have prayed it specifically. In this case

·the husband has not been called upon to litigate the claim in :that respect, and therefore has not answered on that head.

In *Young* v. *Paul, 2 Stock. 401,* and *Peeler* v. *Levy, 11 C. E. Gr. 330,* cited by the complainant's counsel, there was a specific prayer for such relief. It may be remarked that the agreement was made, according to the bill, with the complainant and Mary Johnson. ·The latter is not a party, and no reason is given or .appears why she is not.